■ ROBERT PERRY, Appellant, v FRANK KLEIN, Respondent, et al., Defendant. [603 NYS2d 227] —Mahoney, J. Appeal from an order of the Supreme Court (Hughes, J.), entered July 10, 1992 in Schoharie County, which granted defendant Frank Klein's motion for summary judgment dismissing the complaint against him.

The legal malpractice claim at issue in this appeal arises out of defendants' representation of plaintiff in the defense of a maintenance enforcement proceeding and a subsequent contempt proceeding commenced by his ex-wife. As far as can be ascertained from a reading of the complaint and bill of particulars, plaintiff alleges that defendants (1) failed to sufficiently establish at the contempt hearing that plaintiff's admitted failure to comply with a prior maintenance and arrears order was due to the dire financial situation of his company, Mohawk Sintered Alloys, Inc., and thus was not a willful default, (2) failed to advise him that he could be held in contempt for not complying with a wage deduction order or that certain of his actions, taken in his capacity as corporate officer, could subject him to criminal charges, and (3) erroneously advised him to resign from Mohawk to avoid possible criminal prosecution for corporate larceny. According to plaintiff, as a result of the above-described malpractice he lost his job at Mohawk and the company went out of business. Plain-

tiff seeks $985,000 in damages representing loss of earnings and various business-related losses.

Following joinder of issue and the completion of depositions, defendant Frank Klein moved for summary judgment. Supreme Court granted the motion, apparently concluding that any negligence was not the proximate cause of the damages alleged. Plaintiff appeals.

We affirm. Even assuming, arguendo, that all the above-described acts/omissions fall below the degree of skill exercised by an ordinary member of the legal community, in our view none are a proximate cause of plaintiff's damages as a matter of law. The only possible effects of the negligence asserted in the first and second categories above is that it resulted in plaintiff being held in contempt. However, a review of Family Court's decision revealed that it expressly credited plaintiff's testimony regarding Mohawk's precarious financial situation but nonetheless concluded that sufficient circumstances existed to hold plaintiff in contempt. That being the case, it is difficult to see how Klein's failure to present a more zealous defense would have changed the outcome of the contempt proceeding. In any event, there is absolutely no indication in this record of any causal connection between the contempt adjudication and the loss of plaintiff's job and his company going out of business. Rather, the record evidence quite plainly establishes that Mohawk's continued financial difficulties were the cause of plaintiff's losses. A review of the minutes of a Mohawk board of directors meeting held just seven days after the contempt adjudication reveals that the board of directors resolved to cease operations due to insurmountable financial troubles and agreed that the business be taken over by another entity. This fact also effectively negates any causal connection or resultant damages from Klein's supposedly imprudent advice to plaintiff that he resign as a corporate officer. In sum, plaintiff has presented nothing more than sheer speculation that forces other than Mohawk's own financial misfortunes caused the damages he alleges. Klein did not, by his acts or omissions, cause, create or contribute to these financial difficulties.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.